HALSEY ELECTRIC GENERATOR COMPANY v. STATE
BOARD OF ASSESSORS.

Submitted December 11, 1906—Decided February 25, 1907.

To entitle a corporation to the exemption from the franchise tax on its capital stock it must appear that at least fifty per centum of its capital stock issued and outstanding is invested in mining or manufacturing carried on in this state. Simply having a place leased for the purpose of carrying on a manufacturing business, but at which no business is carried on, does not comply with the statute.

On *certiorari* to review an order of the state board of assessors as to franchise tax.

Before Justices FORT, PITNEY and REED.

For the prosecutor, *Arthur Lovell* and *Howard H. Williams* (of the New York bar).

For the defendant, *Robert H. McCarter*, attorney-general.

The opinion of the court was delivered by

FORT, J. The prosecutor was assessed a franchise tax for the year 1904 of one-tenth of one per cent. on $3,000,000, of one-twentieth of one per cent. on $2,000,000 and of fifty cents per million on $5,000,000, being the sum of $4,250 tax upon its entire capital stock of $10,000,000.

This assessment was objected to and is here contested because it is alleged that the prosecutor has at least fifty per cent. of its capital stock issued and outstanding invested in mining or manufacturing carried on within this state, thus being entitled, by our statute, to an exemption from this tax. *Pamph. L.* 1901, *p.* 33.

An examination of the proof in this case leads us to conclude that the tax was rightly imposed. We find, from the evidence, that there is not at least fifty per centum of the capital stock of the prosecutor represented in manufacturing in this state. It is true that the proof shows that the prosecutor rented a place at No. 309 Pine street, in Jersey City, for the purpose of establishing its manufactory prior to the levying of the tax under review, but the place was never fitted up and never occupied in any sense as a manufactory, nor was any manufacturing of any kind carried on thereat, the reasons given being that the place rented was not suited to their purposes, and hence they determined to purchase property for factory purposes. Subsequently such purchase was made, but the factory thus purchased was not occupied nor was any business carried on in it at the time fixed by statute for the levying of the tax imposed on the franchise in this case.

There is no ground for setting aside the tax in this case and it was rightly imposed. The tax is sustained.